IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **ANTONIO EASLEY,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:12-CV-148 (MTT) |
| | ) |
| **MACON POLICE DEPARTMENT,** *et al.*, | ) |
| | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## ORDER

Before the Court is Defendants Macon Police Department, City of Macon, and Mike Burns's motion for summary judgment. (Doc. 15). For the following reasons, the motion is **GRANTED**.

Summary judgment must be granted if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material facts and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "A factual dispute is genuine only if 'a reasonable jury could return a verdict for the nonmoving party.'" *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (quoting *United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1437 (11th Cir. 1991)). The burden rests with the moving party to prove that no genuine issue of material fact exists. *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d at 1224. The district court must "view all evidence in the light most favorable to the non-moving party, and resolve all reasonable doubts about the facts in its favor." *Id.*

In his complaint, the Plaintiff initially asserted claims pursuant to 42 U.S.C. § 1983, as well as several state tort claims, seeking compensatory and punitive damages. (Doc. 1-1). The claims are based on an incident involving the Plaintiff and Officer Antoinne Jordan, during which time Burns was serving as Chief of Police. (Docs. 15-4 at 38:4-39:11; 15-2 at ¶ 17). At oral argument, the Plaintiff's counsel conceded summary judgment was appropriate on the claims against the Macon Police Department, the claims against Burns in his official capacity, the state law claims, and the punitive damages claim. This leaves the Plaintiff's § 1983 claim against the City and Burns in his individual capacity.[1] The basis of the Plaintiff's § 1983 claims against both the City and Burns is they failed to properly train and supervise Officer Jordan, leading to the alleged deprivation of the Plaintiff's constitutional rights. (Docs. 1-1 at ¶¶ 63-65; 17 at 6-7).

A municipality may be held liable pursuant to §1983 when there is a causal link between one of its policies and the alleged constitutional injury to the Plaintiff. *Am. Fed'n of Labor & Cong. of Indus. Orgs. v. City of Miami*, 637 F.3d 1178, 1187 (11th Cir. 2011). While a "municipality's policy- or custom-based failure to adequately train or supervise its employees" may be the basis for municipal liability, it must "'amount[] to deliberate indifference to the rights of persons with whom the police come into contact.'" *Id.* at 1188 (quoting *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)). To establish this, the Plaintiff must "put forward some evidence that the municipality was aware of the need to train or supervise its employees" and "establish that the city 'made a

---

[1] Since Officer Jordan has not moved for summary judgment, all claims against him still stand.

deliberate choice' not to train its employees." *Id.* at 1189 (quoting *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998)).

"[S]upervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). "The necessary causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so." *Id.* (internal quotation marks and citation omitted). Likewise, "the causal connection may be established when a supervisor's custom or policy . . . result[s] in deliberate indifference to constitutional rights." *Id.* (internal quotations marks and citation omitted). As discussed above, Burns's liability is premised on a failure-to-train theory. The Plaintiff does not contend Burns personally participated in the alleged deprivation of his constitutional rights.

The Plaintiff's counsel conceded at oral argument he would have to show a causal connection between the City and Burns's actions and the Plaintiff's alleged constitutional deprivation in order to prevail. However, he also conceded no evidence in the record shows such a causal connection. In his response brief, the Plaintiff took the position there were sufficient prior incidents to show Burns and the City were on notice of Officer Jordan's prior misconduct and were deliberately indifferent to the need for better training. (Doc. 17 at 6-7). However, the only citation was to the Plaintiff's own response to an interrogatory, which was not even part of the record.

For the first time at oral argument, the Plaintiff's counsel requested the Court to take judicial notice of two prior lawsuits against Officer Jordan without elaborating on the subject matter of these lawsuits.  A glance at the prior lawsuits to which the Plaintiff refers shows that, even if the Court were to take judicial notice of these prior lawsuits, they would not help the Plaintiff.  One was resolved favorably to Officer Jordan, and the other settled before the merits were considered.

Because nothing in the record establishes the requisite causal connection between the City and Burns's actions and the Plaintiff's alleged constitutional injury, and because the Plaintiff concedes summary judgment is appropriate on his other claims, Defendants Macon Police Department, City of Macon, and Burns's motion for summary judgment is **GRANTED**.

**SO ORDERED,** this the 10th day of October, 2013.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT